**The court incorporates by reference in this paragraph and adopts as the findings and analysis of this court the document set forth below. This document has been entered electronically in the record of the United States Bankruptcy Court for the Northern District of Ohio.**



Dated: July 9 2014

John P. Gustafson
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Case No. 13-33816 |
| | ) | |
| William C. Aubiel, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Adv. Pro. No. 14-3039 |
| | ) | |
| Louis J. Yoppolo, Trustee, | ) | Judge John P. Gustafson |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| William Kenneth Aubiel, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OF DECISION AND ORDER
### ON MOTION FOR DEFAULT JUDGMENT

      This adversary proceeding is before the court on Plaintiff's Complaint for Declaratory Relief and For Turnover of Estate Property ("Complaint") [Doc. # 1]. Plaintiff is the duly appointed Trustee for the estate of the Debtor in Chapter 7 Case No. 13-33816 pending in this court. The defendant is William

Kenneth Aubiel, Debtor's son. On March 31, 2014, the Clerk issued a summons and notice of pre-trial conference [Doc. # 3]. The summons required an answer or other response to the complaint to be filed by April 30, 2014, and scheduled a pretrial conference. On May 13, 2014, the court held the scheduled pre-trial conference. There was no appearance on behalf of Defendant and no answer or other response to Plaintiff's complaint had been served and filed by Defendant. The Clerk entered Defendant's default [Doc. ## 12, 13] under Fed. R. Civ. P. 55(a), applicable under Fed. R. Bankr. P. 7055.

Plaintiff accordingly filed his motion for default judgment [Doc. # 9]. The court scheduled a hearing on the motion and notice of the hearing was also served on Defendant. [Doc. ## 15, 17]. On July 8, 2014, the court held a hearing on the Motion. There was again no appearance on behalf of the Defendant and a review of the record shows no answer or other response to either the Complaint or to the motion has been filed by Defendant. Therefore, pursuant to Fed. R. Civ. P. 55, made applicable by Fed. R. Bankr. P. 7055, Plaintiff's motion for default judgment will be GRANTED.

The district court has jurisdiction over the underlying Chapter 7 bankruptcy case and all civil proceedings arising under Title 11 or arising in or related to the Chapter 7 case, including this adversary proceeding. 28 U.S.C. § 1334(a) and (b). Debtor's Chapter 7 case and all proceedings arising under Title 11 or arising in or related to the Chapter 7 case, including this adversary proceeding, have been referred to this court for decision. 28 U.S.C. § 157(a) and General Order No. 2012-7 entered on April 4, 2012 by the United States District Court for the Northern District of Ohio. This adversary proceeding is a core proceeding that this court may hear and determine because it involves recovery of property of the estate arising from a transfer to Defendant. 28 U.S.C. § 157(b)(2)(E).

The court finds that notice of this proceeding, including the service of the summons and original complaint pursuant to Fed. R. Bankr. P. 7004, has validly and properly been served upon Defendant. The return on service of the summons and complaint and the certificate of service attached to the Motion show that they were timely served on Defendant by ordinary and certified United States mail, postage prepaid,

sent to Defendant at Defendant's home or usual place of abode. *See* Fed. R. Bankr. P. 7004(b)(1); Ohio Civ. R. 4.2 (f). In further support that service is valid and proper, no mailings by this court to Defendant have been returned as undeliverable. The court thus finds that Defendant has failed to appear, plead, or otherwise defend this action as required by the applicable rules of procedure.

The court finds that the straightforward and well-pleaded factual allegations of the Complaint constitute a valid cause of action against Defendant under 11 U.S.C. § 542. As a result of the default, the court deems all of the well-pleaded allegations of the Complaint as true. In the absence of evidence to the contrary and any affirmative defense, the court finds that a 23' 1969 Chriscraft Lancer Boat, Serial Number ORBZ230049, Pacer Marine Motors 54343H and 54312H, an accompanying trailer, along with all accessories is property of the estate. Said property is property which the Trustee may use, sell or lease pursuant to 11 U.S.C. § 363. The total fair and reasonable value of the property of the estate possessed by Defendant as averred in the Complaint is between $5,000.00 and $15,000.00. As set forth in the Complaint [Doc. # 1], Plaintiff has properly pleaded grounds for recovery of the estate property from Defendant.

Additionally, Plaintiff has properly pleaded grounds for declaratory relief. The Chriscraft Lancer Boat is in the name only of "William Aubiel." As Defendant has not provided any affirmative defense or evidence to the contrary, the court hereby orders and declares that the title to said watercraft is found to be in the Bankruptcy Estate of Debtor William C. Aubiel, free and clear of any claim of right, title or interest of Defendant William K. Aubiel.

Based on the foregoing reasons and authorities, Plaintiff's Motion for Default Judgment [Doc. # 9] is hereby **GRANTED.** A separate, final judgment against Defendant in accordance with this Memorandum of Decision and Order shall be entered by the Clerk.

**IT IS SO ORDERED.**

.

4